1  CAROLINE McINTYRE, SBN 159005
   cmcintyre@be-law.com
2  JAIDEEP VENKATESAN, SBN 211386
   jvenkatesan@be-law.com
3  BERGESON, LLP
   111 N. Market Street, Suite 600
4  San Jose, CA 95113
   Telephone:    (408) 291-6200
5  Facsimile:    (408) 297-6000

6  Attorneys for Petitioners
   COALITION DEVELOPMENT LIMITED
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  In re Application of                  Case No.
    COALITION DEVELOPMENT LIMITED,
12                                        **[PROPOSED] ORDER GRANTING
                    Petitioners.          PETITION FOR AN ORDER
13                                        COMPELLING DISCOVERY IN AID OF
                                          FOREIGN JUDICIAL PROCEEDING
14                                        PURSUANT TO 28 U.S.C. SECTION 1782**

15                                        **(EXHIBIT A INCLUDED)**

1     A petition having been made by Coalition Development Limited ("Coalition") for an Order pursuant to 28 U.S.C. section 1782, authorizing the issuance of the subpoena attached to this Order as Exhibit A (the "Subpoena") directing Google LLC, a corporation with its principle place of business in the Northern District of California, to produce documents as indicated in the Subpoena or at such other time as may be ordered by this Court, and for good cause showing, the Court hereby authorizes the issuance of the Subpoena and orders that discovery conducted pursuant to the Subpoena shall be governed by the Federal Rules of Civil Procedure.

    IT IS FURTHER ORDERED that Google LLC, shall preserve all evidence relating to the following Gmail accounts: bangkok20190101@gmail.com; bangkokmc2012@gmail.com; brock60708090@gmail.com and jc60708090@gmail.com (the "Gmail Accounts") and all evidence relating to Google applications and accounts associated with the Gmail addresses associated with the Gmail Accounts (the "Google Accounts").  This preservation order shall extend to include all data and information described in Attachment A to the Subpoena and all content (emails or otherwise) in the Gmail Accounts and the Google Accounts, including deleted emails or other documents that are being retained by Google.

    IT IS FURTHER ORDERED that:

(1)    Coalition shall serve copies of the Subpoena, this Order, the Petition, the Memorandum of Law upon which it was issued, and the Declarations of Hugo Plowman and Vivek Saxena upon Google within five (5) calendar days.

(2)    Within 5 calendar days of service of the Subpoena and this Order, Google shall notify each of the account holders and account users of the Gmail Accounts and Google Accounts that the requested information is sought by Coalition, and shall serve a copy of the Order on each such person.

(3)    Google and/or any person whose information is sought may, within 14 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena)

(4)    Alternatively, any person whose identifying information is sought may, within 14 days from the date of the notice, advise Google in writing of any objections he or she has to the

1

[PROPOSED] ORDER GRANTING PETITION FOR AN ORDER COMPELLING DISCOVERY IN AID OF FOREIGN JUDICIAL PROCEEDING PURSUANT TO 28 U.S.C. SECTION 1782
Case No.

disclosure of the information and the bases for any such objections.  Within 5 days of receipt of any such objections, Google shall so advise the Court.

   (5) If any person contests the subpoena or objects to any portion of it, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.

   (6) Any information Coalition obtains pursuant to the Subpoena may be used only for purposes of the anticipated actions before a UK or India tribunal, or as required by the laws of the UK and/or India with regards to disclosure, and Coalition may not otherwise release such information or use it for any other purpose absent a Court order authorizing such release or use.

          _____
          UNITED STATES DISTRICT COURT JUDGE
          NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

# TO

**[PROPOSED] ORDER GRANTING PETITION FOR AN ORDER COMPELLING DISCOVERY IN AID OF FOREIGN JUDICIAL PROCEEDING PURSUANT TO 28 U.S.C. SECTION 1782**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Coalition Development Limited, et al.

*Plaintiff*

v. Civil Action No.

*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google LLC, 1600 Amphitheatre Parkway Mountain View, CA 94043

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Bergeson, LLP 111 N. Market St., Ste. 600, San Jose, CA 95113 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

                                               _____
                                                 *Server's signature*

                                               _____
                                                 *Printed name and title*

                                               _____
                                                 *Server's address*

Additional information regarding attempted service, etc.:

Case 5:21-mc-80057-VKD   Document 1-4   Filed 03/17/21   Page 7 of 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1. The term "DOCUMENT" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination or back up copy thereof. "Document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries or investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "email," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, meta-data, file properties and related IP details, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as database servers, floppy disks, hard drives and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2. The term "GOOGLE ACCOUNTS" refers to ANY Google account (including but not limited to Gmail, Google Docs, Google Drive, Google Sheets, Google Calendar, and Google Slides) associated with the following email addresses: bangkok20190101@gmail.com; bangkokmc2012@gmail.com; brock60708090@gmail.com; and jc60708090@gmail.com.

1

## **INSTRUCTIONS**

1. Whenever necessary to bring within the scope of this Request any document that otherwise might be construed to be outside its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the singular shall be construed as the use of the plural and vice-versa; and (c) the masculine includes the feminine and the feminine includes the masculine.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. When responding to this Request, provide any and all information in your possession, custody, or control, regardless of whether this information is in your personal possession, or is possessed by your trustees, agents, servants, employees, attorneys, accountants, independent contractors, representatives, or others with whom you have a relationship and from whom you are able to derive information, documents, or materials. "Control" is used in its broadest possible sense and means "possession, custody, or control." A document shall be deemed within a person's control if he, she or it has the right or ability to obtain the document (or a copy thereof) from another person or entity having possession, custody, or control thereof. A document shall also be deemed in a person's control if he, she, or it can reasonably obtain access to such document. Documents in the possession of corporate parents or direct or indirect affiliates shall be deemed in your control if the corporate parents or direct or indirect affiliates have ever responded to a request for information from you in the past (and, without limitation, Google's data held in data centers in the U.S. and in Ireland shall be considered to be within the control of Google LLC). You must search both hard-copy documents and electronically-stored data, including e-mails, documents, presentations, spreadsheets, and all other documents, information, or data stored in electronic form including meta-data, file properties and related IP details. Sources of such data include, but are not limited to, the following:

    (a)    Desktop personal computers ("PCs") and workstations; minicomputers and mainframes used as file servers, application servers, or mail servers; laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes;

    (b)    Backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another facility, or stored offsite by a third-party, such as in a disaster recovery center; and

    (c)    Computers and related offline storage used by agents, consultants, and other persons as defined herein.

Produce electronically stored documents, information, or data in an accessible electronic format.

4. If any individual request is not completely fulfilled, state the precise reason for failing to produce documents in complete fulfillment of the request. If a legal objection is made with respect to any request, set forth the specific basis for such objection. If only a portion of a request cannot or will not be fulfilled, provide the fullest possible production in response to the request and thereafter specifically set forth: (a) the fact that the production is incomplete; and (b) the reason or grounds for any omissions or refusal to fulfill the production.

5. If there are no documents responsive to any individual request, so state in writing.

6. With respect to each document called for by this Request and withheld under a claim of privilege or otherwise, state separately, and in accordance with Fed. R. Civ. P. 26(b)(5), for each document withheld:

    (a)    the nature of the privilege or immunity that is being claimed;

    (b)    the type of document;

    (c)    the date the document bears;

    (d)    the general subject matter of the document;

   (e)  the author(s) of the document;

   (f)  the addressee(s) and/or recipient(s) of the document;

   (g)  where not apparent, the relationship of the author(s) and addressee(s) or recipient(s) to each other; and

   (h)  each and every fact or basis upon which you claim any such privilege.

If a portion of a document contains information subject to a claim of privilege, only that portion shall be redacted and the remainder shall be produced.

  7.  If any document responsive to this Request has been, but is no longer, in your possession, custody, or control because it has been destroyed, discarded, or placed outside of your custody or control, furnish a list specifying each such document and setting forth the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the name(s) and address(es) of each person who prepared, received, viewed, and has or has had possession, custody or control of the document, (e) the date on which the responsive document was destroyed, discarded, or placed outside of your custody or control, and (f) the identity of the person(s) or other information identifying the person(s) who caused such responsive document to be destroyed, discarded, or placed outside of your custody or control on the said date.

  8.  Each document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether you consider the entire document to be relevant or responsive to this Request. If you have redacted any portion of a document on grounds of privilege, stamp the word "redacted" on each page of the document which you have redacted. Privileged redactions must be included in a privilege log.

  9.  The Court has ordered the service of this subpoena in its present form. In any event, if you object to any part of a request, then set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all

the information upon which you intend to rely in response to any motion to compel. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents. All objections must state with particularity whether and in what manner the objection is being used as a basis for withholding any responsive document.

10. When a request seeks production of "all DOCUMENTS" of a particular type, you must produce each and every responsive document, including any copies of documents that may exist. However, if you choose, you may elect not to produce multiple copies of identical copies so long as you provide a source log identifying in whose files each withheld copy was found.

11. Documents not otherwise responsive to a request shall be produced if such documents mention, discuss, refer to, or explain documents which are called for by this Request.

12. This Request is made without prejudice to, or waiver of, Petitioner's rights to conduct further discovery.

13. To the extent that any request seeks documents uploaded to, transmitted to, or transmitted from a GOOGLE ACCOUNT, said documents shall encompass the time from the time such account was registered to the present.

14. You are further instructed to preserve all data, including emails, located in the GOOGLE ACCOUNTS, including data located on any backup servers or tapes.

## REQUESTS

1. DOCUMENTS sufficient to identify each GOOGLE ACCOUNT associated with the email addresses bangkok20190101@gmail.com; bangkokmc2012@gmail.com; brock60708090@gmail.com; and jc60708090@gmail.com.

2. DOCUMENTS sufficient to identify the user(s) of the GOOGLE ACCOUNTS including without limitation the names, addresses (including postal codes), email addresses (including email addresses used for recovery or other purposes), and telephone numbers.

3. All DOCUMENTS showing subscriber registration information of the GOOGLE ACCOUNTS, including without limitation the names, addresses (including postal codes), email

addresses (including email addresses used for recovery or other purposes), and telephone numbers.

4. DOCUMENTS sufficient to show each instance that any of the GOOGLE ACCOUNTS were accessed, including the IP addresses used to access the GOOGLE ACCOUNT and the type, time, and date of each access, from the time the GOOGLE ACCOUNTS were registered through the present.

5. DOCUMENTS sufficient to show the dates on which any DOCUMENTS, including but not limited to emails, deleted by a user of a GOOGLE ACCOUNT.

6. All DOCUMENTS requested in categories 1-4 above and all DOCUMENTS and other data, including but not limited to emails, contained within the GOOGLE ACCOUNTS shall hereby be preserved.